UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MACHELLE BITTON, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) C.A. NO. ) |
| v. | ) CLASS ACTION ) |
| HEALTHCARE SERVICES GROUP, INC., and JD PALATINE, LLC, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1.   Plaintiff Machelle Bitton, individually and on behalf of all others similarly situated, files this Class Action Complaint against Healthcare Services Group, Inc. ("Healthcare Services" or "Defendant") and JD Palatine, LLC ("JD Palatine" or "Defendant").  Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

### II.   NATURE OF THE CASE

2.   This is a consumer class action based upon JD Palatine's willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  Plaintiff brings this action on behalf of thousands of employment applicants throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by JD Palatine and sold to employers.  JD Palatine has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting outdated adverse public record information that is required to be excluded from the consumer reports that it sells.

1

3. JD Palatine's practice harms consumers seeking employment by prejudicing their employers and prospective employers with outdated, adverse information, and also harms interstate commerce as a whole.

4. Plaintiff further contends that Healthcare Services systematically violates section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment action without, beforehand, proving the person who is the subject of the report sufficient and timely notification and a copy of the report and summary of rights under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

5. In violation of the FCRA, Healthcare Services willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report it obtained from JD Palatine, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3).

### III.   JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### IV.   PARTIES

8. Plaintiff Machelle Bitton is an adult individual who resides in Ogden, Utah.

9. Defendant Healthcare Services regularly conducts business in the Commonwealth of Pennsylvania, and which has a principal place of business located in Bensalem, Pennsylvania.

10. Defendant JD Palatine is a consumer reporting agency that regularly conducts business in the Commonwealth of Pennsylvania, and which has a principal place of business located in Pittsburgh, Pennsylvania.

## V. FACTUAL ALLEGATIONS

**A. JD Palatine's Practices As A Consumer Reporting Agency And Furnisher Of Consumer Information For Employment Purposes**

11. At all times pertinent hereto, JD Palatine was a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

12. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by section 1681a(c) of the FCRA.

13. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

14. JD Palatine investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

15. From its files, JD Palatine sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants.

16. When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude adverse items of information, including records of arrest, which antedate the consumer report by more than seven years. *See* 15 U.S.C. § 1681c(a)(5).

17. Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. *See* 15 U.S.C. § 1681c(b)(3).

18. Despite these clear and unambiguous requirements of the FCRA, JD Palatine sells adverse items of information, including records of arrest, which predate the consumer report by

more than seven years, before JD Palatine knows or would have any reason to know that the consumer credit report is being used in connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

19. Based on a common policy and practice, JD Palatine regularly and unlawfully reports outdated criminal arrest records.

20. JD Palatine's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having arrest records that are required by law not to be reported, they are viewed as less desirable job applicants and more likely not to be hired or continue to be employed by the employers who pay JD Palatine for such reports.

21. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being property reported. Pursuant to JD Palatine's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report because it has already been sold to the employer by JD Palatine and has formed the basis of a decision to hire the applicant.

22. Despite its duties to refrain from reporting outdated adverse information, JD Palatine has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards this duty, in violation of the FCRA.

**B.** **Defendant Healthcare Services' Use of JD Palatine's Background Screening Reports**

23. Healthcare Services uses JD Palatine's screening services to conduct background checks on applicants for employment. The background reports resulting from these services are delivered directly to Healthcare Services.

24. Despite the nature of mistakes in consumer reports and background checks, Healthcare Services chooses, but is not required, to screen its job applicants through background reports.

25. Under the FCRA, a "user" of a consumer report, such as Healthcare Services, who intends to take any "adverse action" against a job applicant "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer job applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

26. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the consumer job applicant that she is about to experience an adverse action, such as a rejection, based on a report's contents, and to provide her an opportunity to challenge the accuracy, completeness or relevancy of the information with the consumer reporting agency or the user *before* that job or job prospect is lost.

C.  **The Experience Of Plaintiff Machelle Bitton**

27. In or around 2016, Ms. Bitton was employed as a cook by Healthcare Services, at a salary of less than $75,000 a year.

28. On or about September 2, 2016, Healthcare Services purchased a consumer report from JD Palatine regarding Ms. Bitton.

29. On or about September 7, 2016, JD Palatine completed its background report on Ms. Bitton and forwarded the completed report to Healthcare Services.

30. The background report concerning Ms. Bitton that was provided by JD Palatine to Healthcare Services improperly reported four charges from 2005, including a December 18, 2005 felony charge of forgery.

31.     JD Palatine represented its source for this public record information was "Weber, UT - Ogden District Court."

32.     JD Palatine did not obtain public record information about Ms. Bitton or about any consumer from "Ogden District Court" in "Weber, Utah."

33.     Rather, JD Palatine obtained this public record information about Ms. Bitton from one of its private vendors.

34.     Had JD Palatine inspected and obtained the public record information about Ms. Bitton directly from the court records, it would have discovered that the forgery charge was dismissed by order of the district court judge on December 18, 2007 and the other three charges did not result in a conviction.

35.     The charges against Ms. Bitton should not have appeared on the consumer report, nor should they have been reported to Healthcare Services, since they antedated the consumer report by more than seven years.

36.     On September 16, 2016, Healthcare Services immediately terminated Ms. Bitton's employment based on the JD Palatine consumer report, which adjudicated Ms. Bitton as not being eligible for continued employment with Healthcare Services.

37.     Healthcare Services adopted JD Palatine's adjudication as its own without any further process being provided to Ms. Bitton and took adverse action against her based upon that adjudication.

38.     The negative adjudication of Ms. Bitton's background report occurred prior to Ms. Bitton being notified in writing of that fact and prior to Ms. Bitton being provided with a copy of the report or any meaningful opportunity to dispute it.  In doing so, Healthcare Services failed to comply with the FCRA's pre-adverse action notification requirements.

39. As a direct result of Healthcare Services' unlawful adoption and use of the JD Palatine consumer report and JD Palatine's adjudication of Ms. Bitton's background report, Ms. Bitton lost her job at Healthcare Services.

40. JD Palatine's practices and procedures described herein affected not only Ms. Bitton, but also other applicants for employment who had outdated adverse information that was deliberately, knowingly and recklessly reported by JD Palatine to prospective employers. By way of example, and not limitation, the FCRA's limitation of reporting adverse arrest record information for not more than seven years, *see* 15 U.S.C. § 1681c(a)(5), requires that a CRA report the actual and correct date of arrest. Such date starts the statutory purge time period. By failing to maintain strict procedures to insure reporting of complete and up to date public record information, JD Palatine's practices directly conflict with the purposes of the FCRA and result in harm to consumers.

41. The harm suffered by Ms. Bitton as a result of JD Palatine's actions and omissions was particularized and concrete.

42. Congress has long provided in the FCRA for the rights of plaintiffs to be free from the reporting of inaccurate information about them. Such inaccurate and defamatory reporting, as performed by JD Palatine in this case, is also grounded in the common law tort of libel. JD Palatine published and sold information labeling Ms. Bitton as a felon when, in fact, the felony charge had long since been dismissed, nine years earlier.

43. At all times pertinent hereto, JD Palatine's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth in the FCRA, and further assumed an unjustifiably high risk of harm.

44. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

## VI.     CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All persons residing in the United States (including all Territories and other political subdivisions of the United States) beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, who were the subject of any consumer report prepared by JD Palatine which included any non-conviction criminal record which antedated the report by more than seven years.

46. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

47. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief JD Palatine sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by JD Palatine.

48. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether JD Palatine willfully violated section 1681c of the FCRA by failing to exclude outdated adverse information in its consumer reports.

49. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of JD Palatine's common course of conduct.

50. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class. Her interests are aligned with and not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

51. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by JD Palatine's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by JD Palatine's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

### VII.   CAUSES OF ACTION

#### COUNT I
#### 15 U.SC. § 1681c (Class Claim against JD Palatine)

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

9

53. At all times pertinent hereto, JD Palatine was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

54. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

55. Pursuant to section 1681n of the FCRA, JD Palatine is liable for willfully violating the FCRA by engaging in the following conduct in violation of 15 U.S.C. § 1681c(a)(5):

    a. Failing to maintain strict procedures to assure that the adverse information being reported is not out of date; and

    b. Failing to exclude outdated adverse information in its consumer reports.

### COUNT II
### 15 U.SC. § 1681e(b) (Individual Claim against JD Palatine)

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. Pursuant to 15 U.S.C. §§ 1681n and 1681o, JD Palatine is liable for failing to maintain reasonable procedures to assure the maximum possible accuracy of the reports it prepares in violation of 15 U.S.C. § 1681e(b).

### COUNT III
### 15 U.SC. § 1681b(b)(3) (Individual Claim against Healthcare Services)

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

60. The JD Palatine reports ordered by Healthcare Services are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

61. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must

provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking any such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

62. For purposes of this requirement, an "adverse action" includes "any … decision … that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

63. Healthcare Services is a "person" and regularly uses background reports for employment purposes. 15 U.S.C. § 1681a(b).

64. The FCRA requires Healthcare Services, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

65. Healthcare Services willfully and negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff the following *before* using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and (c) a written description of the consumer's rights under the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorney's fees and costs; and

E. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: June 8, 2017.

**Francis & Mailman, P.C.**

By: */s/James A. Francis*
James A. Francis
John Soumilas
David A. Searles
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com

**The Weiner Law Firm LLC**
Andrew L. Weiner*
Jeffrey B. Sand*
3525 Piedmont Road
Atlanta, GA 30305
T: 404.205.5029
T: 404.254.0842
F: 866.800.1482
E: aw@atlantaemployeelawyer.com
E: js@atlantaemployeelawyer.com
*Pro hac vice* applications forthcoming

*Attorneys for Plaintiff*