IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MACHELLE BITTON and** | : | **CIVIL ACTION** |
| **KHISHA BADGER, Individually and on** | : | |
| **behalf of all others similarly situated,** | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | **NO. 17-2580** |
| | : | |
| **HEALTHCARE SERVICES GROUP,** | : | |
| **INC., and JD PALATINE, LLC,** | : | |
| *Defendants*. | : | |

## MEMORANDUM

### I. INTRODUCTION

Before the Court is Defendant Healthcare Services Group, Inc.'s Motion to Dismiss Claim VI of the Second Amended Complaint and Compel Arbitration, or, in the Alternative, Stay Proceedings (ECF No. 38) and Plaintiffs' Opposition to Defendant Healthcare Services Group, Inc.'s Motion to Dismiss Claim VI of the Second Amended Complaint and Compel Arbitration, or in the Alternative, to Stay Proceedings (ECF No. 53).

### II. BACKGROUND

Plaintiff Bitton originally filed a three-count Complaint in June 2017, which asserted various class and individual claims against Defendant JD Palatine and only one individual claim against Defendant HSG. ECF No. 1. The original Complaint was never served and two months later, in August 2017, Bitton filed an

1

Amended Class Action Complaint, which again asserted class claims against JD Palatine and added Plaintiff Khisha Badger along with two additional claims against JD Palatine. ECF No. 3. On December 13, 2017, the Court entered the first Scheduling Order in this case. ECF No. 15.

Plaintiffs first served written discovery on January 18, 2018. ECF No. 18. Plaintiffs filed a Motion to Compel Responses to those discovery requests on April 2, 2018, which the Court granted on April 11, 2018. *Id.* Two weeks later, on April 25, 2018, the parties jointly reported that they had agreed to mediate the case and the Court accordingly entered the first of a series of stays in this matter, this time for 90 days, pending the outcome of the mediation. ECF No. 20. Between April 25, 2018, and September 30, 2018, the parties jointly requested and were granted three stays totaling over 160 days. ECF Nos. 20, 21 & 22. After mediation failed to resolve the case, the Court lifted the stay on October 3, 2018. ECF No. 23. At the joint request of the parties, ECF No. 24, the Court also extended the deadlines set forth in the original Scheduling Order, including the deadlines for leave to amend the pleadings, to complete discovery, and to move for class certification. *Id.*

On October 9, 2018, Plaintiffs filed a Motion for Leave to Amend Complaint. ECF No. 25. The Court, noting that Defendants made "no objection" to Plaintiffs' Motion for Leave to Amend, granted that motion on October 23,

2018. ECF No. 27. That same day, Plaintiffs filed their Second Amended Complaint, which for the first time in this case asserted a brand new "Class Claim" under Federal Rule 23 against Defendant HSG in Count VI. ECF No. 28 at pp. 21-22. Similar to the individual claim originally pled against HSG in the original Complaint, Plaintiffs averred in the Second Amended Complaint that on or about September 2, 2016, HSG received a background report from Defendant JD Palatine in connection with Plaintiff Bitton's employment with HSG, which was used "for employment purposes." *Id.* at ¶¶ 64-78. Plaintiff Bitton alleges her employment was terminated on September 16, 2016, after the report "adjudicated Ms. Bitton as not being eligible for continued employment at [HSG]." *Id.* ¶ 75. Plaintiffs define "The Healthcare Services Group Class" as follows:

> All employees or prospective employees of Healthcare Services Group in the United State (including all Territories and political subdivisions of the United States) who were the subject of a consumer report procured from JD Palatine and whom JD Palatine scored as not eligible for employment (*e.g.*, "declined").

*Id.* ¶ 105. Defendant HSG contends that Plaintiffs' new class claim is subject however to a "Mutual Arbitration Agreement" (the "Agreement"), between HSG and Plaintiff Bitton. New counsel for HSG entered their appearances between November 1 and 5, 2018. ECF Nos. 30-33. On November 6, 2018, HSG filed this Motion to Dismiss Claim VI of the Second Amended Complaint and Compel Arbitration. ECF No. 38.

3

For the reasons discussed below, Defendant Healthcare Services Group, Inc.'s Motion to Stay the Proceedings and Compel Arbitration will be granted.

## III. Legal Standard

Motions to compel arbitration are generally reviewed under the standard for summary judgment contained in Federal Rule of Civil Procedure 56(c). *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 & n.3 (3d Cir. 2009); *Ostroff v. Alterra Healthcare Corp.*, 433 F. Supp. 2d 538, 541 (E.D. Pa. 2006). A court will compel arbitration only when there is "no genuine issue of fact concerning the formation of the agreement" to arbitrate. *Kirleis*, 560 F.3d at 159 (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980)). The court must consider all evidence provided by the party opposing arbitration and draw all reasonable inferences in that party's favor. *Ostroff*, 433 F. Supp. 2d at 541.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, "establishes a strong federal policy in favor of compelling arbitration over litigation." *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). Section 2 is the primary substantive provision of the FAA, declaring that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2). Before

4

compelling arbitration, a court must determine (1) whether a valid agreement to arbitrate exists, and (2) whether the particular dispute falls within the scope of that agreement. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). Throughout the inquiry, there is presumption in favor of arbitrability. *Id.*

In determining whether a valid arbitration agreement exists, courts look to ordinary state-law principles of contract formation. *Kirleis*, 560 F.3d at 160; *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 264 (3d Cir. 2003). Thus, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179 (3d Cir. 1999).

Although arbitration agreements governed by the FAA are to be liberally enforced, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925 (3d Cir. 1992). The Third Circuit has held that "waiver of the right to arbitrate based on litigation conduct remains presumptively an issue for the court to decide...." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 221 (3d Cir. 2007). To determine whether a party has waived its right to arbitrate, courts in the Third Circuit consider six non-exclusive factors: (1) the timeliness of the motion to

5

arbitrate; (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (3) whether the party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; (4) the extent of its non-merits motion practice; (5) its assent to the district court's pretrial orders; and (6) the extent to which both parties have engaged in discovery. *Hoxworth*, 980 F.2d at 926-927. "As is evident by our repeated characterization of these factors as a nonexclusive list, not all the factors need be present to justify a finding of waiver, and the waiver determination must be based on the circumstances and context of the particular case." *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 209 (3d Cir. 2010) (citation omitted). "Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct." *In re Pharm. Benefit Managers Antitrust Litigation*, 700 F.3d 109, 117 (3d Cir. 2012) (citing *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 231 (3d Cir. 2008)).

## IV. Discussion

Plaintiffs, who did not dispute the existence and enforceability of the Agreement nor its application to the claims at hand in either its Opposition to Defendant's Motion to Compel Arbitration (ECF No. 53) or during oral argument

6

held on this matter on December 6, 2018 (ECF No. 56),[1] argue that the subject arbitration provision does not compel arbitration as to Plaintiff Bitton because HSG has waived its right to arbitrate because "[f]or the last 17 months HSG has 'acted inconsistently with the right to arbitrate.'" ECF No. 53 at pg. 14.

### The *Hoxworth* Factors Weigh Against a Finding of Waiver

*1. The timeliness of the motion to arbitrate*

Plaintiffs claim the first *Hoxworth* factor supports a finding of waiver because HSG did not move to compel arbitration until seventeen months after the original Complaint was filed. ECF No. 53 at pg. 10. In support of their argument, Plaintiffs cite to a litany of cases in which courts found parties had waived their right to arbitrate claims by delaying their request for varying periods of time ranging from seven to fifteen months. *Id.* at pg. 14. Plaintiffs concede, however, that the length of delay alone is not determinative of a finding of waiver. *Id.* HSG argues that its seventeen-month delay is defensible because the Second Amended Complaint "fundamentally changed the claim asserted against HSG. Whereas prior pleadings brought only one individual claim against HSG, by only one of the named Plaintiffs, the [Second Amended Complaint] now alleges a new, nationwide FCRA class action under Rule 23 against HSG." *Id.* at pg. 15. Further, HSG

---

[1] As it appears the parties agree as to the existence of the Agreement and its enforceability, the Court limits its analysis to whether HSG waived its right to compel arbitration as to Claim VI.

7

points out, to put this "seventeen-month delay" in context, that this case has been stayed, pursuant to the agreement of the parties, for nearly half of its duration and the most recent stay was lifted just three weeks before Plaintiffs were granted leave to file the Second Amended Complaint. *Id.*

Even though HSG did not move to compel arbitration until seventeen months after the original Complaint was filed, this first *Hoxworth* factor does not weigh in favor of a finding of waiver. First, this case was stayed for a significant number of those seventeen months by mutual agreement of all parties who were seeking an amicable resolution through mediation. *See Aluminium Bahrain B.S.C. v. Dahdaleh*, 17 F. Supp. 3d 461, 476 (W.D. Pa. 2014) ("[A]lthough [Plaintiff] initiated this case on February 27, 2008 and [Defendant] did not mention his intent to file a motion to compel arbitration until December 16, 2013, the delay is not as prejudicial as [Plaintiff] argues given that the case was stayed for the greater part of its existence…."). Second, once that stay was ultimately lifted and Plaintiffs filed the Second Amended Complaint, HSG moved to compel arbitration within fourteen days. *See HealthcareServ's Group, Inc. v. Fay*, No 13-66, 2015 WL 5996940 at *3 (E.D. Pa. Oct. 14, 2015) (finding that the first *Hoxworth* factor did not weigh in favor of a finding of waiver even though Defendants waited more than two and a half years after Plaintiff initiated the action because Plaintiff "itself allowed the matter to lay dormant [for five of those months] and "[o]nce the court

8

jumpstarted this case…by holding a telephone conference, [Defendants] moved to compel arbitration less than one month later."). Accordingly, this first *Hoxworth* factor weighs against a finding of waiver.

  2. *The degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims*

Plaintiffs contend that the second *Hoxworth* factor, the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claim, weighs in favor of a finding of waiver because HSG answered the original Complaint. ECF No. 19-20. Not only is the fact that HSG answered the original Complaint not determinative of whether HSG waived its right to arbitration, even if HSG had filed a motion to dismiss the original Complaint, that fact would not necessarily tip this factor in favor of Plaintiffs either. *See, e.g., Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 722 (E.D. Pa. 2005) (finding no waiver where "[Defendant] has filed two motions to dismiss but the first one was directed to the original complaint and was denied as moot after the plaintiffs filed their amended complaint. The other was denied without prejudice."). Contrary to Plaintiffs' contention, this factor weighs heavily against a finding of waiver because, as HSG notes in its opposition, HSG has not engaged in any merits-based motion practice. *See Nino*, 609 F.3d at 210-211 ("[Defendant] is correct that this factor weighs against a finding of waiver, as it did not engage in motion practice on the merits prior to moving to compel arbitration").

9

*3. Whether the party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings*

Plaintiffs argue that the third factor, whether HSG informed Plaintiffs of its intent to pursue arbitration, supports a finding of waiver because HSG failed to inform Plaintiffs and the Court of its intent to pursue arbitration. ECF No. 53 at pg. 20. However, as discussed previously in this Court's analysis of the first factor, HSG informed Plaintiffs and this Court of its intention to compel arbitration within two weeks of the filing of the Second Amended Complaint. Prior to the filing of the Second Amended Complaint, HSG did no intend to seek to compel arbitration and thus, cannot have been expected to communicate such an intention to either Plaintiffs or this Court prior to October 23, 2018. Accordingly, this factor weighs against a finding of waiver.

*4. The extent of its non-merits motion practice*

Plaintiffs argue that the fourth *Hoxworth* factor, the extent of HSG's non-merits motion practice, weighs in favor of a finding of waiver because Plaintiffs claim they were forced to move to compel discovery responses and document production from HSG on two accounts: once in April 2018, ECF No. 18, and again in October 2018, ECF No. 26. ECF No. 53 at pp. 18-19. HSG asserts that this factor does not support a finding of waiver because HSG did not engage in any non-merits motion practice except to respond to the October 2018 motion to

compel, which was filed only days after the Court lifted the most recent stay and without prior notice being given to Defendants. ECF No. 38-1 at pp. 18-19. As previously discussed, HSG has not filed any merits or non-merits motions in this matter and only responded to one of Plaintiffs' motions to compel. Thus, even if this Court finds Plaintiffs' contention that it was prejudiced by having to spend time and money on filing those two motions to compel because HSG was not appropriately participating in discovery persuasive, this Court only finds that possible prejudice to be minimal as these non-merits motions were not substantial in nature: one was resolved prior to the filing of HSG's response, ECF No. 19, and the other was resolved on the record by this Court during a status conference held on November 28, 2019.

*5. Its assent to the district court's pretrial orders*

Plaintiffs contend that the fifth factor, HSG's assent to the Court's pretrial orders, supports a finding of waiver because HSG actively complied with the Court's scheduling order and the modifications thereof in effect prior to the filing of the Second Amended Complaint. ECF No. 53 at pp. 19-21. However, this Court disagrees because even though "[a]ttending a pretrial conference and complying with a scheduling order is inconsistent with the intent to arbitrate," *Schall v. Adecco U.S.A., Inc.* No. 2011 WL 294032, at *3 (E.D. Pa. Jan. 28, 2011), HSG's assent to this Court's scheduling orders and more importantly this Court's

11

series of stays in this case, is not of the nature typically found by courts to constitute waiver. *C.f. id.* (finding waiver where defendant served interrogatories and document requests on plaintiff, noticed six depositions, issued several subpoenas for documents from third parties, and served an expert report on plaintiff). Accordingly, this factor does not support a finding of waiver.

*6. The extent to which both parties have engaged in discovery*

Finally, Plaintiffs purport that the sixth factor, the extent to which both parties have engaged in discovery, supports a finding of waiver because HSG has "deliberately stonewalled Plaintiffs' efforts to conduct discovery" in this matter. ECF No. 53 at pg. 25. The Court disagrees and again notes that this case was stayed pending the parties' engagement in mediation efforts for a significant period of time. Hence, it seems as though neither party has engaged in the level of discovery required for a finding of waiver. *See Hoxworth*, 980 F.2d at 925 (holding that "a party does not waive the right to arbitration merely by answering on the merits, asserting a counterclaim or even engaging in limited discovery). As of November 6, 2018, HSG had not served any written discovery on Plaintiffs or taken a single deposition in this matter. ECF No. 38-1 at pg. 20. Accordingly, this factor does not support a finding of waiver.

## The Filing of the Second Amended Complaint Revived HSG's Right to Arbitrate

In addition to the fact that five, if not all six, of the *Hoxworth* factors weigh against a finding that HSG has waived its right to compel arbitration as to Claim VI of the Second Amended Complaint, the filing of the Second Amended Complaint would have revived HSG's right to compel arbitration because the conversion of Plaintiff Bitton's individual claim against HSG into a class claim defined as "All employees or prospective employees of Healthcare Services Group in the United State (including all Territories and political subdivisions of the United States) who were the subject of a consumer report procured from JD Palatine and whom JD Palatine scored as not eligible for employment (*e.g.*, "declined")" significantly widened the scope of the claim alleged against HSG. In *Krinsk v. Sun Trust Banks*, 654 F.3d 1194 (11th Cir. 2011), the Eleventh Circuit noted that "in limited circumstances, fairness dictates that a waiver of arbitration be nullified by the filing of an amended complaint." *Id.* at 1202. In that case, the Eleventh Circuit found that even though the amended complaint merely asserted new claims based on the same operative facts as the claims in the original complaint, the amended complaint was "by no means 'immaterial'" because the amended complaint's new class definition "greatly broadened the potential scope of this litigation by opening the door to thousands—if not tens of thousands—of

new class plaintiffs not contemplated in the original class definition...." *Id.* at 1204.

These same principles apply to the case at hand and instruct that even if this Court found the *Hoxworth* factors supported a finding of waiver, HSG should still have the right to compel arbitration as to Claim VI in light of the Second Amended Complaint's substantial broadening of the scope of the litigation as to HSG. HSG's so-called "waiver" prior to October 23, 2018, only involved one individual claim alleged by Plaintiff Bitton. That same "waiver" cannot be deemed intended by HSG once that individual claim was broadened to include a potentially substantial class of litigants. Accordingly, even if this Court found that HSG had waived its right to compel arbitration, Plaintiffs' filing of the Second Amended Complaint revived any such right to compel arbitration as to Claim VI.

## V. Conclusion

For the foregoing reasons, Defendant Healthcare Services Group, Inc.'s Motion to Stay the Proceedings and Compel Arbitration will be granted. An appropriate Order follows.

DATED: ~~MMMM~~ FEB 1, 2019         BY THE COURT:

                                    _____
                                    CHAD F. KENNEY, J.